IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERICH NIEMANN,

    Plaintiff,

vs.

FRONTIER BUILDING CORP.,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ERICH NIEMANN, sues Defendant, FRONTIER BUILDING CORP., and shows:

### Introduction

1.    This is an action by ERICH NIEMANN against his former employer for unpaid overtime pursuant to the Fair Labor Standards Act and for retaliatory discharge in violation of the Florida Private Whistleblower Act.  Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and Florida's Private Whistleblower Act, Florida Statutes Chapter 448.  The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b) and 28 U.S. Code § 1367.

3.    The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4.    Plaintiff, ERICH NIEMANN, (hereinafter "NIEMANN") a resident of Palm Beach County, Florida, was at all times material, employed by FRONTIER BUILDING CORP. as a project manager, assistant project manager and superintendent, was an employee as defined by 29

U.S.C. § 203 (e), and during his employment with Defendant was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

5.  Defendant, FRONTIER BUILDING CORP. (hereinafter, "FRONTIER BUILDING"), is a Florida Corporation doing business in Miami-Dade County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the offices where NIEMANN was employed. At all times pertinent to this Complaint, FRONTIER BUILDING operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and FRONTIER BUILDING obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

### Count I – Violation of the Fair Labor Standards Act – Unpaid Overtime

6.  Plaintiff realleges the allegations in Paragraphs 1 through 5 as if fully set forth herein.

7.  Since April 17, 2017, Defendant FRONTIER BUILDING has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40

hours at rates not less than one and one-half times the regular rates at which they were employed: specifically NIEMANN, since April 17, 2017, has worked in excess of 40 hours a week virtually every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

8. The failure to pay overtime compensation to NIEMANN is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

9. FRONTIER BUILDING's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and NIEMANN's status as non-exempt, but chose not to pay him in accordance with the Act.

10. NIEMANN is entitled pursuant to 29 U.S.C. § 216(b), to recover from FRONTIER BUILDING:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, ERICH NIEMANN, prays that this court will grant judgment against Defendant FRONTIER BUILDING:

    a. awarding NIEMANN payment of overtime compensation found by the court to be due to him under the Act;

    b. awarding NIEMANN an additional equal amount as liquidated damages;

    c. awarding NIEMANN his costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

## Count II – Violation of Florida Statutes § 448.102(3) (Whistleblower Act) by FRONTIER BUILDING – Retaliation

11. Plaintiff, ERICH NIEMANN, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 5 above.

12. On or about September 19, 2018, while working for Defendant at one it's job sites, Plaintiff sustained a work-related injury.

13. Plaintiff reported this injury to his immediate supervisor, Andrew Goggin, who advised the Plaintiff to seek medical attention, but requested that he not disclose the fact that the injury was work-related. In exchange for Plaintiff agreeing to misrepresent the nature and origin of the injury, Defendant agreed to be financially responsible for all of the expenses related to Plaintiff's medical treatment.

14. Plaintiff advised the Defendant that he was not comfortable misrepresenting the nature and origin of the injury and refused to do the same.

15. As a result of Plaintiff's refusal to commit insurance fraud, Defendant reduced Plaintiff's workload and demoted him.

16. On or about March 15, 2019, Plaintiff contacted Defendant to find out why he didn't receive his regular weekly pay via direct deposit. Defendant advised the Plaintiff that it had not received his weekly hours. Having already sent his weekly hours to Defendant, Plaintiff re-submitted his weekly work hours to Defendant.

17. On or about March 27, 2019, after not receiving a paycheck since March 15, 2019, Plaintiff contacted Defendant and again inquired about his pay. At that time, Plaintiff advised the Defendant that he would contact to the Department of Labor if he didn't receive his paycheck.

18. After Plaintiff advised the Defendant that he would report his situation to the Department of Labor, Defendant ceased all communications with Plaintiff and locked him out of his company email account as well as the company's web-based software.

19. Plaintiff remained ready, willing and able to perform services for the Defendant. Plaintiff discovered, after the fact, that Defendant's payroll service reflects that Plaintiff was terminated on February 22, 2019.

20. NIEMANN's demotion and subsequent termination by FRONTIER BUILDING amounted to a "retaliatory personnel action," pursuant to Florida Statutes § 448.101(5), in direct response to Plaintiff's opposition of FRONTIER BUILDING's intent to commit insurance fraud.

21. NIEMANN is entitled pursuant to Florida Statutes §§ 448.102(3); 448.103; and 448.104 to recover from Defendant FRONTIER BUILDING:

    a. lost wages, benefits, and other remuneration;

    b. any other compensatory damages allowable at law;

    c. the costs of this action, and;

    d. a reasonable attorney's fee.

WHEREFORE, NIEMANN prays that this Honorable Court:

    a. enter judgment for NIEMANN against Defendant FRONTIER BUILDING on the basis of Defendant's willful violations of Florida Statutes § 448.102(3);

    b. award NIEMANN actual and compensatory damages in the amount shown to be due for lost wages and emotional pain and suffering;

    c. award NIEMANN reasonable attorneys' fees and costs of suit; and

    d. grant such other and further relief as this Court deems equitable and just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: May 8, 2019
Plantation, Florida

                                      Respectfully submitted,

                                      *s/Robert S. Norell*

Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for ERICH NIEMANN*